IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Edrian Donyae Wright, | ) | C/A No. 0:20-315-TMC-PJG |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **ORDER REGARDING** |
| v. | ) | **AMENDMENT OF COMPLAINT** |
| | ) | |
| Richland Memorial Hospital, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, Edrian Donyae Wright, a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. The Complaint has been filed pursuant to 28 U.S.C. § 1915 and § 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court finds this action is subject to summary dismissal if Plaintiff does not amend the Complaint to cure the deficiencies identified herein.

I.  **Factual and Procedural Background**

Plaintiff is an inmate in the Lee Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Plaintiff indicates that in 2019 he suffered from a medical condition that required hospitalization.[1] Plaintiff indicates that on May 29, 2019, he was sent to the defendant hospital where he stayed for fourteen or fifteen days. (Compl., ECF No. 1 at 4.) Plaintiff claims that during this hospitalization, the nurses gave him steroids to treat his condition despite his objections. (Id.; ECF No. 1-1 at 1.) Plaintiff claims the steroids worsened his condition and

---

[1] In another related case filed in this court, Plaintiff asserts that he suffered a brain injury and stroke-like symptoms. Wright v. SCDC, C/A No. 0:20-216-TMC-PJG.

he suffered severe injuries to his nervous system, speech, and vision. (Id. at 5-6.) Plaintiff now brings this action pursuant to 42 U.S.C. § 1983 seeking damages for his injuries. (Id. at 4, 6.)

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity. See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Section 1915A requires, and § 1915 allows, a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

However, Plaintiff fails to provide any allegations in the Complaint that would plausibly show that the defendant is a state actor that is amenable to suit under § 1983.[2] "To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor." West, 487 U.S. at 49 (quoting Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 936 n.18 (1982)); see also Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337, 341 (4th Cir. 2000) (discussing the different

---

[2] The hospital is now owned by Prisma Health, a non-profit organization. https://www.palmettohealth.org/patients-guests/about-prisma-health (last accessed on March 25, 2020).

tests used to identify when private parties can be considered state actors in civil rights suits). Plaintiff fails to allege any facts that would show that the defendant acted under government authority, by direction of the government, alongside the government, or undertook a traditional duty of the government. See Goldstein, 218 F.3d 337, 342-43; see also Bass v. Parkwood Hosp., 180 F.3d 234 (5th Cir. 1999) (collecting cases finding that private hospitals are not turned into state actors by government regulation, or when it treats patients involuntarily committed by the government); Williamson v. Hammond, C/A No.: 3:19-1140-MGL-SVH, 2019 WL 2607223 (D.S.C. May 23, 2019) (finding a SCDC prisoner failed to allege facts showing that this same defendant was a state actor subject to suit under § 1983, and collecting cases), report and recommendation adopted by 2019 WL 2593222 (D.S.C. June 25, 2019); Culp v. Alewine, C/A No. 5:13-1342-JFA-KDW, 2013 WL 4499387 (D.S.C. Aug. 20, 2013) (same).

Also, Plaintiff fails to allege any facts that would plausibly show that the defendant violated Plaintiff's constitutional rights. Plaintiff claims that he was admitted to the hospital and that he was provided inadequate or improper treatment. But Plaintiff fails to identify a constitutional right that he believes was infringed because of the hospital's actions, nor can the court identify one based on his allegations. See generally Estelle v. Gamble, 429 U.S. 97,106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Further, to the extent that Plaintiff's claims allege negligence or medical malpractice, they are not actionable under § 1983. See Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987) (stating negligent conduct cannot support a claim for a violation of the Eight Amendment's Cruel and Unusual Punishment Clause); Gregory v. Prison Health Servs., Inc., 247 F. App'x 433, 435 (4th Cir. 2007) (unpublished) (finding allegations of negligence, medical malpractice, and

disagreement with medical treatment is not sufficient to state a claim for relief for deliberate indifference under § 1983).

And if Plaintiff is attempting to bring a state law claim for negligence or medical malpractice, this court does not have subject matter jurisdiction. A civil action for Plaintiff's state law claims would be cognizable in this court under the diversity statute only if that statute's requirements are satisfied. Cianbro Corp. v. Jeffcoat & Martin, 804 F. Supp. 784, 788-791 (D.S.C. 1992), aff'd, 10 F.3d 806 (4th Cir. 1993) (Table). The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). See 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). The only inference from the Complaint is that the parties are citizens of South Carolina. There are no facts alleged that would suggest that either party is domiciled in another state. Therefore, complete diversity of the parties is absent.[3]

Consequently, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failure to state a claim upon which relief can be granted. Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of Civil Procedure

---

[3] And even assuming the court had jurisdiction, to pursue a medical malpractice claim under South Carolina law, a plaintiff must file "as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim . . . ." S.C. Code Ann. § 15-36-100(B). A plaintiff's "failure to file such an affidavit with the Complaint requires dismissal of the case in state court." Allen v. United States, C/A No. 2:13-2740-RMG, 2015 WL 1517510, at *6 (D.S.C. Apr. 1, 2015) (adopting the report and recommendation as the order of the court) (citing Rotureau v. Chaplin, C/A No. 2:09-1388-DCN, 2009 WL 5195968, at *6 (D.S.C., Dec. 21, 2009)).

15(a) that corrects the deficiencies identified above.[4] If Plaintiff fails to file an amended complaint that corrects those deficiencies, this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915 and § 1915A.

Additionally, if Plaintiff files an amended complaint, he should include all of the claims he intends to raise against any party that arise out of the same transaction, occurrence, or series of transactions or occurrences that caused the injuries he seeks relief for in this case.[5] Plaintiff's claims against the Medical University of South Carolina and SCDC may be more properly raised and efficiently asserted in one case, rather than separate legal actions. See generally Rule 20(a)(2) (providing a plaintiff may bring a claim against multiple defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.").

**IT IS SO ORDERED**.

_____
March 30, 2020                              Paige J. Gossett
Columbia, South Carolina          UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important WARNING on the following page.*

---

[4] Any amended complaint filed by Plaintiff is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915A and § 1915A. Further, Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. See Young v. City of Mount Ranier, 238 F .3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . .").

[5] Plaintiff filed two other civil actions in this court—Wright v. Medical University of South Carolina, C/A No. 0:20-cv-313-TMC-PJG, and Wright v. SCDC, C/A No. 20-cv-216-TMC-PJG. In those cases, Plaintiff raises claims against other parties that treated or purportedly caused Plaintiff's brain inflammation and stroke-like symptoms.

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).