IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Edrian Donyae Wright, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 0:20-cv-315-TMC |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Richland Memorial Hospital, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Edrian Donyae Wright, a state prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On March 31, 2020, the court entered an order giving Plaintiff an opportunity to submit the documents necessary to bring the case into proper form for evaluation and possible service of process. (ECF No. 11). The order warned Plaintiff that failure to provide the necessary information within the time specified would subject the case to dismissal. *Id*. at 2. The order was mailed to Plaintiff on April 1, 2020, at the address he provided to the court. (ECF No. 14). The order has not been returned to the court as undeliverable, so Plaintiff is presumed to have received it. However, to date, Plaintiff has failed to respond to or comply with the court's order and the time to do so has run.

It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve

the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (emphasis added). In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630.

In considering whether to dismiss an action pursuant to Rule 41(b), the court should consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the [plaintiff's history of] proceeding in a dilatory fashion; and,
>
> (4) the effectiveness of sanctions less drastic than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (internal quotation marks omitted). These four factors "are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal. *See id.* at 95–96.

Here, the factors weigh in favor of dismissal. As Plaintiff is proceeding *pro se*, he is personally responsible for his failure to comply with the court's order. Plaintiff was specifically warned that his case would be subject to dismissal for failure to comply. (ECF No. 11). The court concludes that Plaintiff's lack of response to this court's orders indicates an intent to no longer pursue this action and subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b). Furthermore, because Plaintiff was explicitly warned that failure to respond or comply would subject his case to dismissal, dismissal is appropriate. *See Ballard*, 882 F.2d at 95.

Accordingly, the court finds that Plaintiff's case is subject to dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b) and for failure to comply with court orders.

Therefore, this case is **DISMISSED without prejudice**.  The clerk of court shall provide a filed copy of this order to Plaintiff at his last known address.

    **IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
May 4, 2020

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.